## Siegel, Cooper & Co. v. The People, etc.

1. SCIENTER—*In Criminal Prosecution.*—As a general proposition, a criminal intent must be shown before a conviction of a criminal offense will be sustained.

2. SAME—*Prosecution Under the Pharmacy Act.*—In prosecutions for violation of Sec. 33, Chap. 91, R. S., for selling adulterated drugs, medicines, chemicals or pharmaceutical preparations, the *scienter* must be proven to justify a conviction.

Prosecution under Sec. 33, Chap. 91, R. S.—Appeal from the Criminal Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded. Opinion filed October 27, 1899.

A. BINSWANGER, attorney for appellant.

To sustain a conviction for the offense charged in this case, the sale, if any were made, must have been willful, and with an intent on the part of the vendor to deceive or defraud the purchaser. Sec. 16, Par. 35, Chapter 91, S. & C. Ann. Stat.

Penal statutes are to be construed strictly and can not be extended by construction. Raplee v. Morgan, 2 Scam. 561; Edwards v. Hill, 11 Ill. 23; Erlinger v. Boneau, 51 Ill. 95; City of Chicago v. Rumpff, 45 Ill. 90.

Penal statutes require that where an act contains such an ambiguity as to leave reasonable doubt of its meaning, it is the duty of the court not to inflict the penalty. Endlich on Construction of Stat., 1 Par. 330; Commonwealth v. Standard Oil Co., 101 Pa. St. 119–150; Hines v. R. R. Co., 95 N. C. 434; U. S. v. Lacher, 134 U. S. 624.

A statute which awards a penalty not known to the common law, and is in a high degree penal, will be limited to such cases as are clearly within its terms. Commonwealth v. Phillips, 11 Pick. 27; Ibid v. Martin, 130 Mass. 465.

KITT GOULD, attorney for appellees; GABRIEL J. NORDEN, of counsel.

" Penal statutes are to be fairly construed, according to the legislative intent, and the latter should prevail." To this effect are the following cases, among others, cited by appellant : United States v. Morris, 39 U. S. 464; United States v. Wiltberger, 18 U. S. 76; United States v. Lacher, 134 U. S. 624; Hines v. R. R. Co., 95 N. C. 434; Sedgwick on Const. Stat., 324–334; Hankins v. People, 106 Ill. 634–5; Reineke v. People, 15 Ill. App. 241.

It is always to be assumed that the legislature intended its enactments to be effective, not invalid, and therefore construction should aim to support, not defeat it. Cooley's Blackstone, p. 61 Intro. (Note.)

If a statute is remedial in its character, and where the language is doubtful or will bear two constructions, in promotion of the object of the general assembly the courts will give such an interpretation as to best promote the remedy. Ry. Co. v. Heflin, 65 Ill. 367.

It is said : " In giving constructions to words in a statute many things are to be kept in view, such as the object and purpose of the act, the connection in which they are used, and the consequences that will probably result from the proposed construction." Gormley et al. v. Uthe, 116 Ill. 647.

The court says : " No court should adopt a construction of the law which would involve consequences of this character (practical immunity from all penal consequences of a heinous offense) unless forced to do so by considerations which are unsurmountable." Watt v. People, 126 Ill. 17.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This is a proceeding against appellant for an alleged violation of Sec. 33, Chap. 91, Hurd's Rev. Stat. August 5, 1897, Walter H. Green, as a representative of the State Board of Pharmacy, purchased at the store of appellant a one pound package of borax, for the purpose of ascertaining whether it was adulterated. Soon afterward he purchased other packages of borax there. The package purchased August 5th he says was adulterated. The other packages were

not.   Upon the trial in the court below appellant was adjudged to be guilty and a fine of $50 was imposed.   That part of said section which it is contended was violated by appellant is as follows :

" No person shall add to or remove from any drug, medicine, chemical, or pharmaceutical preparation, any ingredient or material for the purpose of adulteration or substitution, or which shall deteriorate the quality, commercial value or medicinal effect, or which shall alter the nature or composition of such drug, medicine, chemical or pharmaceutical preparation, so that it will not correspond to the recognized tests of identity or purity.   Any person who shall thus willfully adulterate or alter, or cause to be adulterated or altered, or shall sell or offer for sale any such adulterated or altered drug, medicine, chemical or pharmaceutical preparation, or any person who shall substitute or cause to be substituted, one material for another, with intention to defraud or deceive the purchaser, shall be guilty of a misdemeanor, and be liable to prosecution under this act."

Appellant was selling only such borax as it purchased from the Pacific Borax Co.   The package purchased by the witness Green, August 5th, was purchased by appellant from that company.   The manager of that company testified that his company sold to appellant only pure borax.   About forty tests were made by appellant, from time to time, of the borax purchased by it of said company, in each instance the result showing that it was pure.   There is no evidence tending to show any intent on the part of appellant, or of any one representing it, to do anything which would be a violation of said statute.   It is therefore important to consider whether the *scienter* must be proven to justify a conviction under this section.

As a general proposition, intent must be shown before a conviction of a criminal offense will be sustained.   To this general rule there are some exceptions under provisions of the statute, such as selling or giving intoxicating liquor to minors, Stat. of Ill., Ch. 43, Sec. 6; a banker receiving deposits when insolvent, Ch. 38, Sec. 25a; conversion of proceeds of sale by commission merchants, Sec. 78; attorneys and others failing to pay over money collected, Sec. 79;

loaning public funds by public officer, Sec. 81. In none of those cases is the act unlawful except by virtue of the statute. And in neither of those sections is there any qualifying words, such as willfully, knowingly, fraudulently, unlawfully, with intent to defraud, etc.

In the same chapter of the statute, containing the section under which this conviction was had, are sections which may be construed as not requiring proof of intent. Section 20 provides a penalty for employing persons other than registered pharmacists to compound drugs, etc., and section 31 provides a penalty for selling at retail any drug without affixing a label bearing the name of the article. In neither of these sections is there any mention of intent or anything of similar import. But section 32 provides that whoever shall *willfully* make false representation, etc., shall be liable to a penalty.

The section of the statute under which this conviction was had provides that the act complained of must have been " willfully " committed," with intention to defraud or deceive." No amount of 'refinement under grammatical rules, neither any technical construction, can take from this section the expressed will of the legislature that the party complained of must have purposely, not accidentally, violated its provisions. We say this, recognizing the rule that a penal statute must be strictly construed, but at the same time recognizing also the duty of the court in construing a statute to seek to ascertain the will of the legislature.

The conviction in this case was based entirely upon the testimony of the witness Green. The trial court should have permitted appellant to show what interest, if any, that witness had in the result of the suit.

It may be that the trial court erred, also, in 'permitting that witness to testify, or at least to refresh his recollection by referring to a *copy* of a memorandum made by him. But we have deemed it best to base our opinion upon a construction of the statute for the alleged violation of which the conviction was had.

For the reason indicated the judgment of the Criminal Court is reversed and the cause remanded.